UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLIE K. HARRINGTON,<br><br>                          Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br>  Commissioner of Social Security,<br><br>                          Defendant. | CASE NO. C19-5159-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Kellie K. Harrington proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). After a hearing before an Administrative Law Judge (ALJ), the Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1971.[1] She obtained her GED and previously worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

bartender, cashier, waitress, deli worker, caterer helper, and babysitter. (AR 286, 958.)

Plaintiff filed SSI and DIB applications in October and November of 2011, alleging disability beginning February 28, 2006. (AR 254, 261.) She remained insured for DIB through June 30, 2009 and was required to establish disability on or prior to that "date last insured" (DLI) to receive DIB. *See* 20 C.F.R. §§ 404.131, 404.321. Her applications were denied initially and on reconsideration.

ALJ Timothy Mangrum held a hearing, taking testimony from plaintiff and a vocational expert (VE) (AR 29-53), and issued a decision dated October 29, 2013 (AR 12-23). He found a June 29, 2009 decision by ALJ Catherine Lazuran denying 2006 SSI and DIB applications (*see* AR 57-66) administratively final and the doctrine of res judicata to apply. However, considering *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and Acquiescence Ruling (AR) 97-4(9), ALJ Mangrum found the presumption of continuing non-disability resulting from the prior unfavorable decision rebutted by new medical evidence and noted plaintiff had amended her alleged disability onset date to June 30, 2009, the day after ALJ Lazuran's decision. The ALJ thereafter concluded plaintiff was not disabled from February 28, 2006 through the date of the decision.

Plaintiff timely appealed, the Appeals Council denied review (AR 1), and this Court subsequently reversed and remanded based on a stipulation of the parties. (AR 681-82.) The Appeals Council remanded the matter (AR 685-86) and ALJ Mangrum held another hearing, taking testimony from plaintiff and a VE (AR 621-50). In a decision dated June 23, 2017, ALJ Mangrum issued a partially favorable decision, finding plaintiff not disabled or entitled to DIB at any time through her June 30, 2009 DLI, not disabled prior to October 31, 2011, the date of her SSI application, but that plaintiff became disabled and entitled to SSI as of that date. (AR 605-13.) Plaintiff appealed to this Court and, by Order dated August 29, 2018, the Court affirmed the

ORDER
PAGE - 2

finding of disability beginning October 31, 2011 and remanded for further administrative proceedings in relation to plaintiff's DIB claim, as described further below. (AR 993-1008.)

On remand, the Appeals Council affirmed the finding of disability as of October 31, 2011 and remanded the remaining matter to a different ALJ to take any further action needed to complete the record and to issue a decision on the issue of disability before October 31, 2011. (AR 1014.) On remand, ALJ Larry Kennedy did not find it necessary to hold a new hearing given that the only issue was analysis of plaintiff's DIB claim. (*See* AR 951.) In a December 27, 2018 decision, ALJ Kennedy found plaintiff not disabled through her June 30, 2009 DLI. (AR 950-60.) Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date through the DLI.

At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found, through the DLI, plaintiff had severe impairments of anxiety disorder, personality disorder, and alcohol abuse disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If the impairments do not meet or equal a listing, the Commissioner must assess RFC and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found, through the DLI, plaintiff had the RFC to perform a full range of work at

all exertional levels, but with the following non-exertional limitations: able to do work involving simple, repetitive tasks and some detailed tasks; not involving much exercise of judgment or decision making; involving minimal interaction with coworkers or supervisors and occasional to minimal interaction with the public; and involving low pressure and infrequent changes in activities. With that RFC, the ALJ found plaintiff unable to perform past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found, through the DLI, plaintiff's non-exertional limitations had little or no effect on the occupational base of unskilled work at all exertional levels and a finding of not disabled appropriate under the Medical-Vocational Guidelines. The ALJ adopted the prior ALJ's RFC and vocational findings, including the ability to perform representative occupations such as collator and garment sorter, and adopted and incorporated the finding plaintiff could perform jobs existing in significant numbers in the national economy. He found plaintiff not under a disability through the DLI.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of

ORDER
PAGE - 4

which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ failed to properly apply the rule of mandate or to adequately explain how he was applying the doctrine of res judicata and *Chavez*/AR 97-4(9). She further argues, for the period between the June 30, 2009 DLI and the finding of disability as of October 30, 2011, the ALJ failed to properly evaluate the medical evidence and her testimony or to properly assess her RFC or render a finding at step five. She requests remand for an award of benefits or, alternatively, further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Prior Court Decision

As previously described by the Court, ALJ Mangrum separately addressed plaintiff's SSI and DIB applications in the 2017 decision. "Considering SSI, the ALJ found plaintiff's impairments worsened as of her October 31, 2011 application date. He did not need to 'determine whether her impairments changed or worsened before then for the purpose of [the SSI] application given that [SSI] benefits are not payable prior to her application date.'" (AR 1000 (citing AR 610; 20 C.F.R. § 416.335).) Finding medical opinions dated between 2012 and 2016 supported plaintiff's testimony about the severity of her PTSD, ALJ Mangrum found the "evidence established plaintiff had the capacity to perform a reduced range of sedentary work since October 2011, with significant difficulty maintaining adequate pace and attendance at work." (*Id*.) In addressing the DIB application, ALJ Mangrum "described the issue as centered on whether plaintiff was disabled on her June 30, 2009 DLI, the day after the prior, final decision[]" finding her not disabled. (*Id*.) ALJ Mangrum concluded plaintiff had not established she had new severe impairments or the worsening of impairments the day after the June 2009 decision. (*See* AR 1001.)

ORDER
PAGE - 5

In challenging ALJ Mangrum's 2017 decision, plaintiff argued the ALJ inaccurately framed the issue as whether her condition worsened on June 30, 2009, and that the issue was whether she provided new evidence showing she was more limited between that date and October 30, 2011 than she was found to be by ALJ Lazuran. (*See* AR 1002 ("That is, she did not need to show her actual condition was worse on June 30th than it was on June 29th, but that it was worse on June 30th than ALJ Lazarun found it to be on June 29th.")) She maintained greater limitation than found by ALJ Lazuran, pointing to evidence dated before and after her DLI, while the Commissioner offered a different interpretation of the evidence. (*See* AR 1002-04.)

The Court found as follows:

> The decision to separately discuss, first, plaintiff's SSI application and, second, her DIB application allowed for a gap in the consideration of the evidence. That is, the ALJ deemed irrelevant any evidence dated after June 30, 2009 and prior to October 31, 2011 by first finding plaintiff entitled to SSI benefits as of the application date, but necessarily no earlier, and then considering whether she had demonstrated changed circumstances as of June 30, 2009. This approach did not allow for consideration of the opinions of Dr. [Amanda] Ragonesi rendered in June 2010 and February 2011, or any other evidence or testimony as related to the time period between plaintiff's DLI and the SSI application date. While the Commissioner here offers her own reasons for rejecting such evidence, the Court is required to review the ALJ's decision "based on the reasoning and factual findings offered by the ALJ— not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009).
>
> It is true that, in order to receive DIB benefits, plaintiff was required to establish disability on or before June 30, 2009. 20 C.F.R. §§ 404.131, 404.321. The June 29, 2009 final decision provided an extraordinarily narrow window in which to make such a showing. However, medical opinions that post-date the DLI may be relevant to determining whether a claimant was disabled on or before the DLI. *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988) (medical opinions cannot be disregarded solely because they post-date the DLI); *accord Lingenfelter v. Astrue*, 504 F.3d 1028, 1034

n.3 (9th Cir. 2007); *Lester*, 81 F.3d at 832. *But see Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (ALJ may discount post-DLI opinion where it does not have retrospective applicability or where it is inconsistent with pre-DLI evidence). The ALJ here stated, with no further discussion, that there were no records documenting worsening or establishing new impairments specifically related to June 30, 2009. (AR 611.) He otherwise limited his discussion to the evidence [dated June 25, 2009] from Dr. [Kees] Hofman. In so doing, the ALJ failed to address significant probative evidence. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ need not discuss each piece of evidence in the record, but must explain why significant probative evidence has been rejected), and *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence.").

The ALJ's decision does not, for example, sufficiently analyze the evidence associated with PTSD. The ALJ rejected the opinion of Dr. Hofman, in part, because it was rendered five days prior to the DLI, did not address worsening, reiterated Dr. [Lawrence] Moore's opinion of plaintiff's substantial problems with social interaction, and was similar to opinions and treatment notes considered by ALJ Lazuran. (AR 611.) However, unlike the opinions of Dr. Moore in 2006, 2007, and 2008 (AR 361-80), Dr. Hofman, prior to the DLI, diagnosed plaintiff with PTSD and specifically attributed her social limitations to that condition (AR 510-11 ("Avoids all public situations; lives like hermit; easily triggered with anxiety or anger – severe PTSD – flashbacks, nightmares etc")). In the evaluation dated closest to the opinion of Dr. Hofman, Dr. Moore did recognize "some indication of PTSD related symptomatology[.]" (AR 366 (May 21, 2008).) By July 17, 2012, Dr. Moore identified PTSD, with features of generalized anxiety disorder, as plaintiff's sole Axis I diagnosis. (AR 516.) Dr. Ragonesi had, in the interim, twice diagnosed PTSD. (AR 480-83 (June 9, 2010), 491 (February 2, 2011).) The ALJ, moreover, pointed specifically to plaintiff's testimony and the "multiple opinions supporting her testimony about the severity of her PTSD[]" in finding her disabled as of October 31, 2011. (AR 610.) Yet, the decision contains only a partial evaluation of the evidence associated with PTSD.

The ALJ, in sum, erred in failing to fully consider the medical opinion evidence and plaintiff's testimony in relation to the DIB claim. As argued by plaintiff, this error potentially implicated both the RFC assessment and the conclusion at step five.

ORDER
PAGE - 7

(AR 1004-06.) The Court did not find the matter properly remanded for an award of benefits and instead concluded:

> The Court has no difficulty in finding this matter properly remanded for further proceedings. While the ALJ failed to conduct a sufficient analysis, plaintiff's road to an award of benefits is an exceedingly narrow one in light of the June 29, 2009 final decision and plaintiff's June 30, 2009 DLI. However, the ALJ, not the Court, is tasked with the responsibility of considering the evidence, assessing testimony and the RFC, and in reaching a conclusion at step five. On remand, the ALJ should conduct that analysis in relation to plaintiff's DIB application.

(AR 1007.)

Challenges to 2018 ALJ Decision

Plaintiff argues ALJ Kennedy violated the law of mandate by only briefly discussing various medical opinions, not finding PTSD a severe or even medically determinable impairment, and failing to properly evaluate the evidence as directed by this Court. She avers error in the failure to explain how res judicata and *Chavez*/AR 97-4(9) applied. She also argues res judicata and *Chavez*/AR 97-4(9) do not apply and that, even though ALJ Lazarun's findings became final for the period through June 29, 2009, ALJ Kennedy was not precluded from making different findings and drawing different conclusions for the period beginning June 30, 2009. Plaintiff avers error in the failure to make a new RFC determination and new step five finding.

These arguments lack merit. As stated in the prior Court Order, plaintiff's DIB claim requires him "to establish disability on or before June 30, 2009" and the prior final decision finding plaintiff not disabled through June 29, 2009 provides an "extraordinarily narrow window" in which to make that showing. (AR 1005.) On remand, ALJ Kennedy considered plaintiff's DIB claim as of the June 30, 2009 DLI and assessed the significant probative evidence relating to that claim, including evidence pre-dating and post-dating the DLI. (*See* AR 956-58.) The mere fact ALJ

ORDER
PAGE - 8

Kennedy reached the same findings as ALJ Mangrum and declined to disturb those findings on remand, including in relation to PTSD, plaintiff's symptom testimony, and the RFC, does not establish error.[2] Nothing in the Court's decision mandated different conclusions be reached. Nor was ALJ Kennedy required or was there a reason to explicitly address the doctrine of res judicata or *Chavez*/AR 97-4(9). ALJ Kennedy reviewed the medical and other evidence of record to determine whether it supported plaintiff's allegation of disabling limitations as of June 30, 2019 and, finding the evidence of record supported the prior ALJ decision, declined to disturb it. (*See* AR 956.) In conducting that analysis, ALJ Kennedy properly complied with and carried out the explicit directive of this Court. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (a lower court is generally 'bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest.") (citation omitted).

Plaintiff further fails to demonstrate error in the ALJ's assessment of the evidence and conclusions reached. The ALJ is responsible for assessing a claimant's testimony and the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Commissioner of the*

---

[2] The ALJ did not, moreover, simply adopt the analysis of ALJs Mangrum and Lazuran. At step three, for example, ALJ Kennedy noted records from August and September 2009 did not document any significant social deficits, that a June 25, 2009 mental status examination showed intact cognitive functioning, and that a June 30, 2009 report and subsequent records showed no limitation in adapting or managing oneself. (AR 954-55.)

ORDER
PAGE - 9

*SSA*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ found plaintiff's anxiety, personality, and alcohol abuse disorders severe at step two and other impairments mentioned in the record not causing significant limitations in functioning, but taken into account in assessing plaintiff's RFC. (AR 953-54.) He found no impairment meeting or equaling a listing. (AR 954-55.) He found plaintiff's symptoms not entirely consistent with the medical and other evidence of record and affecting plaintiff's ability to work only to the extent they would be reasonably accepted as consistent with the objective and other evidence, and the evidence to support the symptom evaluation, RFC assessment, and step four and five conclusions in the prior ALJ decision. (AR 955-59.)

The ALJ also addressed the medical evidence. (*See* AR 956.) In a June 30, 2009 record, plaintiff reported a history of depression and anxiety, but an examination noted no debilitating functional limitations. (AR 520, 527.) Contemporaneous records also failed to show mental impairments as limiting as alleged. (AR 956.) In January 2009, plaintiff reported doing well and an examination found intact memory, cooperative and alert behavior, calm and appropriate affect, normal speech, good eye contact, and intact hygiene, and, in August 2009, no psychiatric abnormalities were observed by providers or reported by plaintiff. (AR 400-01, 569-70.) Plaintiff reported alcohol abuse in September 2009 and was noted to be alert and fully oriented, with no reports of anxiety or depression symptoms and no psychiatric abnormalities observed. (AR 567-68.) In July 2011, plaintiff reported her mental health symptoms were worsening. (AR 564.) The ALJ found this correlated to plaintiff's established onset of disability and indicated the severity of her symptoms at that time did not reflect her functioning on June 30, 2009. (AR 956.) He found, overall, the medical evidence did not objectively show plaintiff's symptoms and limitations would prevent her from working with the RFC found in the prior decision and consequently adopted and

incorporated that RFC. The ALJ's consideration of the evidence is rational.

In evaluating the opinion evidence (*see* AR 957-58), the ALJ first considered the June 2012 opinion of State agency physician Charles Wolfe, M.D., limiting plaintiff to medium work with postural and environmental limitations (AR 133-35), and found it inconsistent with the record, which failed to establish more than minimal physical limitations on June 30, 2009. He gave some weight to March and May 2012 opinions of State agency doctors Thomas Clifford, Ph.D., and Steven Haney, M.D. (AR 116-18, 135-37), noting they considered evidence post-dating the DLI and finding their assessed limitations to only simple, routine tasks and inability to perform complex tasks inconsistent with the treatment records showing intact mental status. The ALJ gave little weight to Dr. Hofman's June 25, 2009 opinion of severe limitations in most areas of social functioning. (AR 509-13.) He found it inconsistent with the record as a whole, which documented intact or nearly intact functioning, and not supported by Dr. Hofman's own examination findings, including a normal (30/30) mental status examination and not including observations consistent with the severe limitations assessed. He gave little weight to June 2010 and February 2011 evaluations by Dr. Ragonesi assessing marked limitations, particularly in social functioning. (AR 474-91.) The evaluations took place at least a year after the June 30, 2009 DLI and had little relevance to plaintiff's functioning on that date. On both occasions, Dr. Ragonesi opined limitations with a duration of six-to-twelve months, further indicating her opinions did not pertain to plaintiff's DLI. The ALJ gave little weight to September 2011 opinions of Dr. Renee Eisenhauer, finding them consistent with contemporaneous records, but with little relevance to the date in question, which preceded the assessment by more than two years. (AR 492.) He gave no weight to a March 2006 opinion of Dr. Moore and a May 2007 opinion of Dr. Jamie Carter, which significantly predated the alleged onset date and contained observations and opinions with very

little relevance to plaintiff's functioning on June 30, 2009. (AR 375-80, 797-803.)

The ALJ also noted assessments post-dating the October 30, 2011 established onset of disability, including, *inter alia*, a February 2012 evaluation by Dr. Carter, a July 2012 evaluation by Dr. Moore, a December 2014 evaluation by Dr. David Morgan, and a November 2016 evaluation by Dr. Russell Bragg. (AR 958 (citations to record omitted).) The findings and opinions in these evaluations significantly postdated the June 30, 2009 DLI and had little relevance to plaintiff's condition and functioning on that date. The ALJ noted this opinion evidence had been considered in the prior, favorable SSI finding and found no reason to disturb that analysis.

While plaintiff offers a different interpretation, the ALJ here rationally construed the opinion of Dr. Hofman as inconsistent with the medical record and with Dr. Hofman's own findings on examination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), and *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). He reasonably found other medical opinions pre-dating and post-dating the DLI of limited relevance to plaintiff's functioning on that date, and properly considered the timing and duration of limitations assessed by Dr. Ragonesi a year and two years after the DLI. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (ALJ may discount post-DLI opinion where it does not have retrospective applicability or where it is inconsistent with pre-DLI evidence). Indeed, the ALJ's consideration of the proximity of the opinions to the DLI was necessary given the extraordinarily narrow window of time at issue in this case. Notably, the ALJ made no similar observation in relation to the opinion of Dr. Hofman, rendered only days prior to the DLI. The ALJ further appropriately considered that a number of medical opinions supported the conclusion plaintiff's impairments worsened and warranted a finding of disability some two-and-a-half years after the DLI. The ALJ's consideration of the medical opinion evidence is both rational and supported by substantial evidence.

Nor do any other of plaintiff's arguments have merit. Plaintiff asserts, for example, the ALJ improperly rejected her testimony about the extent of her symptoms and limitations based solely on the absence of objective evidence supporting the degree of limitations alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). However, the ALJ properly considered inconsistency between plaintiff's allegations and the objective and other medical evidence. (AR 956); 20 C.F.R. § 404.1529(c)(4); *Carmickle*, 533 F.3d at 1161. ALJ Kennedy also reasonably found the evidence to support the prior ALJ's decision (AR 956), wherein ALJ Mazuran (*see* AR 611) properly considered an absence of support in the record, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (while absence of full corroboration by objective medical evidence does not alone suffice to reject symptom testimony, "the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); evidence of inconsistent activity, *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1227 (9th Cir. 2009); and plaintiff's testimony she was capable of more things in 2009 in comparison to later years, *see Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (ALJ may consider inconsistencies in a claimant's testimony). Plaintiff, as such, fails to demonstrate reversible error.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 18th day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge